**BEN CHENG LIN, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

No. 04–0496–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2007.

Ben Cheng Lin, pro se, New York, NY, for Petitioner.

Robert F. Daley, Jr., Assistant United States Attorney, (Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, on the brief), Columbia, SC, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Ben Cheng Lin, a native and citizen of China and proceeding *pro se,* petitions this Court pursuant to section 242(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b), for review of a January 9, 2004 order of the Board of Immigration Appeals ("BIA") denying Lin's motion to reopen his removal proceedings. *In re Ben Chen Lin,* No. A78 745 489 (B.I.A. Jan. 9, 2004). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As an initial matter, because Lin did not timely file a petition for review of the BIA's August 6, 2003 order affirming the denial of asylum and withholding of removal, "we are constrained to review only the denial of [Lin's motion to reopen or reconsider] and are precluded from reviewing the merits of [Lin's] underlying claim for relief." *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199 (2d Cir.2007) (per curiam); *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

Although Lin titled his motion a "motion to reopen," the BIA properly construed it as a motion to reconsider because the motion did not assert any new facts or submit any new evidence; rather, it merely reasserted Lin's claims for asylum and withholding of removal and stated that he wanted the proceedings "reopened for reconsideration." *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."); 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90–91 (2d Cir.2001).

We review the BIA's denial of a motion for reconsideration for an excess of allowable discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). The BIA exceeds its allowable discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citation and quotation marks omitted). Here, the BIA correctly found that Lin merely reiterated the arguments that he had previously raised on appeal from the immigration judge's order of removal. He did not specify any errors of fact or law in the BIA's order dismissing his appeal, nor cite any authority in support of any such errors. Indeed, we recently held that the boyfriend of a woman who allegedly underwent a forced abortion, as Lin alleged to be in his petition to the BIA, does not automatically qualify for asylum status under 8 U.S.C. § 1101(a)(42). *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10 (2d Cir.2007) (en banc). Accordingly, the BIA did not exceed its allowable discretion in declining to revisit its prior decision and denying the motion to reconsider.[1]

For the foregoing reasons, the petition for review is **DENIED.**

---

1. We received a letter from Lin dated April 10, 2007, asking us to grant his petition on a new ground: that he recently married and he and his wife plan to have "at least three children." We do not have jurisdiction to consider this claim, which must be raised in the first instance before the BIA. *See Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172–73 (2d Cir.2004).