Jumaa BARANY, Khany
Barany, Petitioners,

v.

Alberto R. GONZALES, Attorney General of the United States, Department of Homeland Security, Immigration and Customs Enforcement, Respondents.

Nos. 06–3321–ag (L), 06–3323–ag (con).

United States Court of Appeals,
Second Circuit.

Aug. 14, 2007.

William H. Oltarsh, New York, NY, for Petitioners.

R. Alexander Acosta, United States Attorney, Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Lisette M. Reid, Laura Thomas Rivero, Assistant United States Attorneys, Miami, FL, for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioners Jumaa and Khany Barany, natives and citizens of Iraq, seek review of the separate June 19, 2006 orders of the BIA affirming the February 28, 2005 decision of Immigration Judge ("IJ") Michael Rocco denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jumaa Barany,* No. A76 283 037 (B.I.A. June 19, 2006), *aff'g* Nos. A76 283 037/038 (Immig. Ct. Buffalo, Feb. 28, 2005); *In re Khany Barany,* No. A76 283 038 (B.I.A. June 19, 2006), *aff'g* Nos. A76 283 037/038 (Immig. Ct. Buffalo, Feb. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004); *see also Tambadou v. Gonzales,* 446 F.3d 298, 304 (2d Cir.2006) (reviewing the BIA's changed country conditions finding for substantial evidence). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The IJ found that the Baranys had no well-founded fear of future persecution because the conditions in Iraq had undergone a fundamental change since their departure. In reaching this conclusion, the IJ "[took] administrative notice that the former [Hussein] regime is no longer in power in Iraq and that an interim government system has been established." The IJ further found that "[w]hile conditions in Iraq clearly remain unsettled, [Barany's] situation will be no different than that faced by other citizens of [Iraq]."

The IJ did not err in taking administrative notice of the fall of the Hussein regime because this fact is "commonly known, not subject to reasonable dispute, and easily verifiable." *Chhetry v. U.S. Dep't of Justice,* 490 F.3d 196, 200 (2d Cir.2007) (per curiam) (internal quotation marks and alterations omitted). However, to the extent that the IJ attempted to take notice of *general* conditions in Iraq, this was improper as "conditions [there] are volatile." *de la Llana–Castellon v. INS,* 16 F.3d 1093, 1097 (10th Cir.1994). Most importantly, the IJ utterly failed "to conduct an individualized analysis of how changed conditions [in Iraq would] affect . . . [Barany's] situation." *Tambadou,* 446 F.3d at 303 (internal quotation marks omitted). The IJ simply likened Barany—a Kurd and a former employee of U.S. government contractors who had lived in the U.S. for years, first as an asylee and then as a permanent resident—to all other Iraqi citizens and concluded that the changed country conditions rebutted his claim. Such a blanket statement about the situation in Iraq, devoid of any analysis as to whether Barany has a reasonable fear of persecution there, was an inadequate basis for the denial of asylum. *See id.* at 304. Moreover, the IJ's lack of reasoning frustrates any attempt at meaningful review. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 (2d Cir.2006).

In addition, while the government argues that conditions in Iraq were well-documented in the record, the only evidence pertaining to Iraq's conditions is largely irrelevant to the question of whether Barany's fear of persecution is objectively reasonable in post-Hussein Iraq.[1] "[B]ecause the administrative record is silent as to [Iraq's] contemporary treatment of persons with backgrounds similar to [Barany's,]" *Qun Yang v. McElroy,* 277 F.3d 158, 163 (2d Cir.2002) (per curiam), we conclude that remand is appropriate. Moreover, Barany presented some evidence in response to the apparent changed conditions in Iraq, i.e., the testimony of a translator who worked for a U.S. government contractor in Iraq, and the IJ erred by failing to consider that testimony in his analysis. *Cf. Tambadou,* 446 F.3d at 303–04.

Before concluding, it is worth acknowledging that the IJ also observed that Barany's mother and siblings remain in Iraq without apparent incident. While such an observation may bear on whether Barany has a well-founded fear of future persecution on account of his Kurdish ethnicity, it has no bearing as to whether he faces persecution on account of his imputed political opinion since there is no indication that his mother or siblings have any connection to U.S. government contractors. *See Edimo–Doualla v. Gonzales,* 464 F.3d 276, 286 (2d Cir.2006) (noting .that, where the applicant testified that his relatives were not politically active, it was speculative for the IJ to find that the applicant's fear of persecution was undercut because members of his family remained unharmed in his home country); *Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005) (noting that the experiences of *similarly-situated* family and friends are relevant to whether an applicant's fear is well-founded).

For the foregoing reasons, the petitions for review are GRANTED, the BIA's decisions are VACATED, and the cases are REMANDED for further proceedings consistent with this order. The pending motion for a stay of removal in these petitions is DENIED as moot.

---

1. The record contains only two country reports, the U.S. State Department's Background Note on Iraq and the 2003 Report on Human Rights Practices in Iraq. The Background Note provides an overview of Iraq's geography, history, economic structure, etc., but offers little discussion of current conditions there. The 2003 Report is similarly devoid of current information because it only "covers the human rights record of the regime of Saddam Hussein until its fall on April 9[, 2003]."