**Ai JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3264–ag.

United States Court of Appeals, Second Circuit.

Nov. 8, 2007.

Jan Allen Reiner, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Erica B. Miles, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondents.

Present ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, PAUL A. CROTTY,[1] District Judge.

## SUMMARY ORDER

Petitioner Ai Jiang, a native and citizen of the People's Republic of China, seeks review of a June 14, 2006 order of the BIA affirming the March 29, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying her applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). *In re Ai Jiang*, No. A70 908 965 (B.I.A. June 14, 2006), *aff'g* No. A70 908 965 (Immig. Ct. N.Y. City Mar. 29, 2004). We assume familiarity with the underlying facts and procedural history of the case.

The BIA did not expressly "adopt" the IJ's decision, but its reasoning closely tracked that of the IJ. We will therefore consider both the IJ's and the BIA's opinions "for the sake of completeness"—including the supplemental findings provided by the IJ. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006); *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007). We retain the authority to vacate and remand when the agency fails to apply the law correctly, support its findings with record evidence, or explain its conclusions adequately. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 337 (2d Cir.2006).

The parties do not dispute that Jiang is an active member of the Roman Catholic Church, and that she did not experience persecution in China before she came to the United States, in 1993. Absent a presumption of a well-founded fear of persecution, cf. 8 C.F.R. § 1208.13(b)(1), she was required to establish independently that she has a subjectively genuine, objectively reasonable fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). At issue is whether her fear is objectively reasonable, and more specifically, whether the evidence establishes a "pattern or practice" of persecution against Chinese Catholics who attend underground churches loyal to the Vatican, as opposed to China's state-sanctioned Catholic church, which does not recognize Vatican authority. *See* 8 C.F.R. § 1208.13(b)(2)(iii). The BIA's finding that Jiang did not make the required showing was premised on three legal errors.

First, the BIA stated that Jiang had "not indicated that persons similarly situ-

---

1. Hon. Paul A. Crotty, of the United States District Court of the Southern District of New York, sitting by designation.

ated to her, such as close family members or friends in China [had] faced persecution on account of their membership in the underground church." BIA Op. at 3. In fact, Jiang testified that her former mother-and father-in-law, both practicing Catholics with whom Jiang's mother remained close, had been detained and interrogated on several occasions on account of their religion. This misstatement of the record indicates to us that the BIA may have not sufficiently considered evidence relied on by Jiang to support her pattern or practice claim. *See Zhou Yun Zhang v. INS,* 386 F.3d at 73–74; *see also Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We stress that we do not hold that Jiang in fact presented sufficient evidence to support her claim. We hold only that the agency erred in concluding that no such evidence was presented.

■ Second, we are concerned by the BIA's decision to take administrative notice of opinions expressed in the State Department's 2005 Annual Report of International Religious Freedom, of the Chinese government's recent regulation of religion. Although the BIA clearly has the authority to take administrative notice of current events bearing on an asylum applicant's claim, *see Chhetry v. U.S. Dept. Of Justice,* 490 F.3d 196, 199–200 (2d Cir. 2007); *Qun Yang v. McElroy,* 277 F.3d 158, 164 n. 4 (2d Cir.2002), this authority extends to "commonly known facts," not to opinions concerning the significance of such facts. *Cf.* 8 C.F.R. § 1003.1(d)(3)(iv). We might overlook this error if the BIA's assessment of the record before the IJ provided an independent basis to sustain its finding of no well-founded fear. *See Ajdin v. BCIS,* 437 F.3d 261, 265–66 (2d Cir.2006). We conclude, however, that the record before us fails to demonstrate that such an assessment of the most relevant background evidence was undertaken by the BIA.

■ Both the IJ and the BIA found that the background evidence might suggest a pattern or practice of persecution against bishops and priests of the non-official Catholic church, but that such persecution does not extend to lay members. In *Tian–Yong Chen,* 359 F.3d at 130, this Court ruled that a State Department report's "observation that the government's control efforts were focused on church leaders [did] not undercut" the petitioner's claim that he reasonably feared persecution as a congregant. The petitioner in *Tian–Yong Chen* had experienced past persecution, giving rise to a presumption of future harm. No such presumption exists in this case because it is undisputed that Jiang has not experienced past persecution. Nevertheless, the reasoning underlying *Tian–Yong Chen* suggests the need for a closer examination of the background evidence supplied by Jiang.

Although the IJ and BIA correctly noted that the 2002 International Religious Freedom report describes varying degrees of enforcement of religious regulations in different provinces, the report also suggests that enforcement is relatively strict in Jiang's home province of Zhejiang. In particular, the report cites evidence from Zhejiang illustrative of the occurrence of a crackdown directed at particularly active lay members of underground churches. The BIA found that because that Jiang had not established that she was such a member, this crackdown did not serve as evidence in support of her claim of a reasonable fear of future persecution. But the BIA appears not to have considered the possible impact upon Jiang of other actions described in the background evidence which are suggestive of a wider crackdown by the authorities in Zhejiang.

850

Because neither the IJ nor the BIA meaningfully addressed Jiang's additional background evidence relating to Zhejiang, we are not convinced on the present record that the agency's assessment of country conditions is supported by substantial evidence. *See id.* at 129–30; *see also Yan Chen v. Gonzales,* 417 F.3d 268, 273–75 (2d Cir.2005).

In sum, we cannot confidently predict that the BIA would reach the same result on remand. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404 (2d Cir.2005). Although we may be skeptical as to whether Jiang can establish a well-founded fear based on background evidence alone, when she never indicated that she faced any past harm on account of her religion, *cf. Jian Hui Shao v. BIA,* 465 F.3d 497, 501 (2d Cir.2006), we may not form this conclusion based on our own assessment of the record. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 n. 22 (2d Cir. 2006). Therefore, we remand for a meaningful assessment of Jiang's asylum claim in light of current country conditions.

We do not, however, remand Jiang's withholding of deportation or CAT claim, because she has waived them by failing to raise them before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part, the BIA's order is VACATED, in part, and the case is REMANDED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).