**XIAO YING LIU, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–1872–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Ying Liu, a native and citizen of the People's Republic of China, seeks review of an April 6, 2007 order of the BIA affirming the July 14, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel denying Liu's motion to reopen removal proceedings. *In re Liu, Xiao Ying*, No. A77 019 751 (B.I.A. Apr. 6, 2007), *aff'g* No. A77 019 751 (Immig. Ct. N.Y. City July 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Here, although the BIA did

not expressly adopt the IJ's decision, it agreed with the IJ's conclusion that there was no "change in country conditions in China that would warrant granting [Liu's] untimely motion to reopen" and proceeded to analyze Liu's arguments on appeal regarding the background materials she submitted. Accordingly, we review the IJ's decision as supplemented by the BIA. *See id.*

When the agency denies a motion to reopen, this Court reviews the the agency's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed no later than 90 days after the date of the agency's final order of removal. 8 C.F.R. § 1003.23(b)(1). However, the 90–day filing deadline does not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.23(b)(4)(i).[2]

As a preliminary matter, we reject Liu's argument that the IJ's decision was erroneous because the IJ considered the Department of Homeland Security's ("DHS")

untimely response. Pursuant to 8 C.F.R. § 1003.23(b)(1)(iv), IJs have discretion to "set and extend time limits for replies to motions to reopen." *See also* 8 C.F.R. § 1003.31(c). Here, because the IJ retained discretion to extend the filing deadline, we find that the IJ did not exceed his allowable discretion in considering the DHS response. *See* 8 C.F.R. § 1003.23(b)(1)(iv).

■ We also do not agree with Liu that the BIA engaged in improper *de novo* review or fact-finding. For all appeals filed after September 25, 2002, the BIA is not permitted to engage in *de novo* review of an IJ's factual findings. *See Fen Yong Chen v. BCIS*, 470 F.3d 509 (2d Cir.2006); 8 C.F.R. § 1003.1(d)(3)(i), (iv). However, the BIA may review *de novo* "questions of law, discretion, and judgment and all other issues" in appeals from decisions of IJs. 8 C.F.R. § 1003.1(d)(3)(ii). Here, the IJ found that the distinctions between the 2004 and 2005 State Department reports were "not so significant" as to demonstrate the requisite change in country conditions. In "agree[ing]" with the IJ's conclusion, the BIA reviewed only the background materials contained in the record, and did not take administrative notice of any reports that were not before the IJ. *Cf. Fen Yong Chen*, 470 F.3d at 514; *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199–200 (2d Cir.2007). In so doing, the BIA properly reviewed *de novo* the legal question of whether the facts in the record supported the conclusion that Liu had not demonstrated changed country conditions. 8 C.F.R. § 1003.1(d)(3)(ii).

■ Moreover, the agency did not otherwise abuse its discretion in denying Liu's

---

**2.** Although Liu's motion to reopen explicitly argues that she should be entitled to file a successive asylum application based on changed personal circumstances pursuant to 8 U.S.C. § 1158(a)(2)(D), her appeal brief to the BIA made no such argument. The Gov-

ernment correctly argues that as such, the issue of changed personal circumstances is unexhausted and this Court therefore declines to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20, 124 (2d Cir. 2007).

motion to reopen. Liu filed her June 2006 motion to reopen more than 90 days after the IJ's December 2002 decision denying Liu's application and ordering her removed, thereby missing the filing deadline. 8 C.F.R. § 1003.23(b)(1). The BIA properly upheld the IJ's finding that Liu failed to demonstrate a change in country conditions that would warrant an exception to this deadline. 8 C.F.R. § 1003.23(b)(4)(i).

The agency's decision was based largely on its comparison of the State Department Profile of Asylum Claims and Country Conditions from 2004 and 2005 that Liu submitted as evidence. In comparing these reports, the BIA concluded that the 2005 Profile did not illustrate a material change in country conditions. The BIA observed that Liu, in quoting the 2004 Profile stating that "the Consulate General officials visiting Fujian ... did not find any cases of physical force," relied on an observation specific to Fujian Province while, in quoting the 2005 Profile stating "[r]eports of physical coercion continue to be heard," she relied on an observation about China generally. Liu argues that the BIA erred in reasoning that the 2005 Profile's general observations did not apply to Fujian Province. However, the BIA did not abuse its discretion in determining that a comparison of the 2005 Profile's general observations to the 2004 Profile's Fujian Province-specific observations was insufficient to demonstrate changed country conditions. *See Kaur*, 413 F.3d at 233–34. The BIA also observed that both Profiles indicate that there have been some reports of "physical coercion." Additionally, the record supports the BIA's observation that the Profiles' discussion of Fujian Province in particular does not demonstrate a change in country conditions, given that both reports note—in identical language—that Consulate General officials visiting Fujian "did not find any cases of physical force employed in connection with abortion or sterilization."

Liu also argues that a comparison of the State Department's Country Report on Human Rights Practices from 2004 and 2005 indicates a change in China's enforcement of the family planning policy in rural areas. However, we find no abuse of discretion in the BIA's conclusion that there was "no contradiction" in the country reports, where both reports stated, in identical language, that in "most rural areas ... the policy was more relaxed." *See id*; *Ke Zhen Zhao*, 265 F.3d at 93.

Additionally, Liu argues that while the 2004 Country Report did not mention the possibility of physical coercion, the summary on the first page of the 2005 Country Report identified forced abortion and sterilization in a list of human rights problems reported. According to Liu, this can only mean that the reports of forced abortion and sterilization were new developments since 2004. However, the BIA did not abuse its discretion in finding that there was "no indication that the problems listed in the summary are new" where Liu failed to demonstrate that the country report summaries note only new developments.

For the foregoing reasons, the petition for review is DENIED.