**Mark FERRA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2319–ag.**

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael P. Diraimondo, Melville, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Allen W. Hausman, Senior Litigation Counsel; Andrew Oliveira, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mark Ferra, a native and citizen of Albania, seeks review of a May 7, 2007 order of the BIA affirming the September 22, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mark Ferra*, No. A 97 970 045 (B.I.A. May 7, 2007), *aff'g* No. A 97 970 045 (Immig. Ct. N.Y. City Sept. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

 Even assuming that Ferra was a credible witness, substantial evidence supports the agency's conclusion that condi-

tions in Albania have fundamentally changed such that he no longer has a well-founded fear of persecution. As the IJ correctly noted, country conditions evidence in the record indicated that Ferra's party, the Democratic Party, won control of parliament in the July 2005 elections. Ferra asserts that the IJ's "assumption" that the change in government would ameliorate any fear he had of returning to Albania was "premature." He also suggests that his due process rights may have been violated because he did not have an opportunity to be heard on this matter. However, these arguments are unavailing.

This Court has held that due process requires that an applicant receive "a full and fair hearing which provides a meaningful opportunity to be heard." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004)). Here, the record reflects that Ferra was represented by counsel before the IJ, and that his counsel did not object to the admission of the news articles upon which the IJ relied in making his changed country conditions finding. Moreover, Ferra's counsel asserted before the IJ that, although the Democratic Party had won the 2005 elections, there had not yet been a transition of power. Thus, although the IJ did not rule in Ferra's favor, the record indicates that he had the opportunity to challenge the evidence submitted by the Government to show that a change in country conditions had transpired. *See id.*

Additionally, Ferra was able to challenge the IJ's September 2005 decision in his brief to the BIA. Ferra now relies upon *Burger v. Gonzales,* 498 F.3d 131 (2d Cir.2007), to argue that his due process rights were violated when the IJ relied upon the news articles to find that a change in country conditions had occurred in Albania. That argument is unavailing.

In *Burger* we held that the BIA violated an alien's due process rights by revoking her grant of asylum on the basis of additional administratively noticed facts indicating a regime change had occurred in Serbia. *Id.* at 135. Here, in contrast, the BIA affirmed the IJ's decision in May 2007 without taking administrative notice of any additional facts, and after almost two years had passed since the Democratic Party won control of the Albanian government in the 2005 elections. *Cf. Chhetry v. U.S. Dep't of Justice,* 490 F.3d 196 (2d Cir. 2007); *Burger,* 498 F.3d 131.

This Court has found "there is no doubt that there has been a fundamental change in the political structure and government of Albania, beginning in 1990." *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). Under these circumstances, the BIA and IJ reasonably found that the Democratic Party's return to power supported the conclusion that, even assuming Ferra established past persecution, he no longer has a well-founded fear of persecution in Albania. *See id.* (affirming the agency's finding that the Democratic Party's win in the 2005 Albanian elections constituted a fundamental change rebutting the presumption of a likelihood of persecution in a withholding of removal claim). Because the changed country condition finding is supported by the record and is dispositive of Ferra's asylum claim, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), we need not reach the agency's additional findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).