08-5190-ag
Sarker v. Holder

BIA
A075 407 802

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand nine.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> ROGER J. MINER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

AARON JAMES SARKER,
> *Petitioner,*

v.                                                    08-5190-ag

                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent.*

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Amy N. Gell, Gell & Gell, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aaron James Sarker, a native and citizen of Bangladesh, seeks review of the September 25, 2008 order of the BIA denying his motion to reopen. *In re Aaron James Sarker*, No. A075 407 802 (B.I.A. Sept. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v.*

2

*Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). In this case, there is no dispute that Sarker's April 2008 motion was untimely, because the BIA issued a final order of removal in March 2003. *See id.* However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably found that Sarker's motion to reopen did not qualify for such an exception.

Contrary to Sarker's argument, the BIA considered the country conditions evidence in the record and adequately indicated the basis for its determination that conditions for religious minorities had not significantly worsened in Bangladesh. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that where the agency has "given reasoned consideration to the petition and made adequate

3

findings," it need not "expressly parse or refute on the record each individual . . . piece of evidence offered by the petitioner" (internal quotation marks omitted)).  As the BIA found, the country conditions evidence in the record indicated that conditions in Bangladesh remained "turbulent," but did not demonstrate that conditions had materially worsened since the time of Sarker's hearing before the Immigration Judge.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).

We are also unpersuaded by Sarker's argument that the agency erred by relying on the State Department's 2007 International Religious Freedom Report.  Nothing in our decision in *Chhetry v. U.S. Department of Justice*, 490 F.3d 196 (2d Cir. 2007) (per curiam), suggests error in the BIA's reliance on the report because, rather than taking administrative notice of the report, the BIA considered it after Sarker had submitted it into the record.  Id. at 200.  Moreover, the BIA was entitled to rely on that report to a greater degree than the report by the Immigration and Refugee Board of Canada.  *See Poradisova v. Gonzales*, 420 F.3d 70, 81 n.8 (2d Cir 2005) (noting that "not all organizational reports will merit equal weight, and IJs and

4

the BIA have discretion to weigh them differently").  As the BIA reasonably found that Sarker failed to demonstrate a material change in country conditions, it did not abuse its discretion in denying his motion to reopen as untimely.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5