09-3814-ag
Chen v. Holder

BIA
Hom, IJ
A096 790 332

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
>> *Circuit Judges*.

_____

JIE CHEN,
> *Petitioner*,

v.                                    09-3814-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Dehai Zhang, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Jie Chen, a native and citizen of the People's Republic of China, seeks review of an August 18, 2009, order of the BIA affirming the December 12, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom, which pretermitted as untimely her application for asylum and denied her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jie Chen*, No. A096 790 332 (B.I.A. Aug. 18, 2009), *aff'g* No. A096 790 332 (Immig. Ct. N.Y. City Dec. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Under 8 U.S.C. § 1158(a)(3), this Court lacks jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), as well as its finding that neither changed nor extraordinary circumstances exist to excuse the untimeliness under 8 U.S.C. § 1158(a)(2)(D).  Nevertheless, we retain jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D).  Here, Chen merely challenges the IJ's determination that she failed to demonstrate "extraordinary circumstances," a factual determination over which we lack jurisdiction.  *See* 8 U.S.C. § 1158(a)(3).  Accordingly, we dismiss the petition for review to the extent Chen challenges the agency's pretermission of her asylum application.

For asylum applications governed by the REAL ID Act, as is the case here, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  In this

3

case, the IJ reasonably determined that Chen's testimony disavowing her involvement in the filing of several fraudulent immigration applications was inconsistent with the contents of those fraudulent applications, which matched the information, signatures, and photos on her current asylum application, her passport, and her notarial birth certificate. The IJ also based its adverse credibility finding on Chen's "changing and conflicting" testimony regarding what information she provided the agency that allegedly filed fraudulent immigration applications on her behalf. The IJ also found that Chen's credibility was further undermined by her inconsistent testimony regarding the amount of money she allegedly paid the agency. These were proper bases for an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. To the extent that Chen offered explanations for these discrepancies, the IJ was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, the BIA reasonably understood the IJ's decision to indicate that Chen's lack of credibility was "so extensive as to undermine her credibility on all issues," including her claim that she underwent a forced abortion in

4

China. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

We also find no error in the IJ's finding that Chen failed to present sufficient evidence demonstrating that Chinese officials were aware of or interested in her China Democracy Party ("CDP") activities in the United States.[1] *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008).

Finally, because Chen failed to challenge sufficiently the agency's denial of her application for CAT relief before this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is

---

[1]We note that whatever errors the IJ may have committed, if any, were harmless. First, the IJ may have erred in referencing an article during Chen's merits hearing that questioned the validity of the CDP as a political organization, while failing to make this article part of the record. However, the IJ offered Chen and her witness an opportunity to challenge its veracity. *See Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 200 (2d Cir. 2007). Second, the IJ may have erred in failing to consider explicitly whether the Chinese government is likely to become aware of Chen's CDP activities. *See Hongsheng Leng*, 528 F.3d at 142-43. Nevertheless, remand on these bases would be futile because substantial evidence supported the IJ's overall adverse credibility and burden of proof findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk