**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4231
_____

UMIT BENEK,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99 000 271)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2010

Before:  AMBRO, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed:  March 4, 2011)
_____

OPINION
_____

PER CURIAM

　　Umit Benek, a citizen of Turkey, was admitted to the United States in May 1997

with authorization to remain for six months.  He overstayed his period of admission and,

1

in 2006, was charged with removability pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)]. Benek conceded that he was removable as an overstay, but sought withholding of removal and protection under the United Nations Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied relief, stating that he was "mak[ing] as strong [an adverse] credibility finding as I can." The Board of Immigration Appeals ("BIA") dismissed Benek's appeal, concluding that the IJ "provided specific and cogent reasons for finding the respondent not credible."

Benek filed a timely motion to reopen, seeking to apply for adjustment of status based on an approved visa petition filed by his United States citizen wife, Raquel Lopez.[1] See INA § 245 [8 U.S.C. § 1255]. The BIA denied reopening "as a matter of discretion," essentially concluding that the marriage was not bona fide. In particular, the Board noted a significant discrepancy between Benek's visa petition materials (which indicated that he had no prior marriages) and the record concerning his unsuccessful asylum application (which revealed that he had married a Turkish citizen in New Jersey in 2002). The Board stated that it was "unable to locate within [Benek's] current filings any indication that he has been divorced from his first wife or that he ever informed DHS about the marriage, or the children who were born during that marriage."[2] Benek filed a timely petition for

---

[1]  When he filed his motion to reopen, the visa petition had not yet been approved. But by the time the BIA adjudicated the motion to reopen, the visa petition had been granted.

[2]  Benek alleges that the "USCIS was or should have been aware of [his] prior marriage" because it had before it the record from the asylum proceedings, which included information concerning his previous wife. Contrary to Benek's assertion,

2

review.

The Government has moved to dismiss the petition for review, arguing that we lack jurisdiction to review the BIA's discretionary judgment regarding the granting of adjustment of status under § 245.  See INA § 242(a)(2)(B)(i) [8 U.S.C. § 1252(a)(2)(B)(i)]; Martinez- Maldonado v. Gonzales, 437 F.3d 679, 683 (7th Cir. 2006) (holding that "we lack jurisdiction over motions to reopen and reconsider in cases where we lack jurisdiction to review the underlying order").  Benek counters that he "is not appealing the denial of an application for relief under § 245, but [is] appealing the discretionary denial of his motion to reopen."  See Petitioner's Response, 3; cf. Korytnyuk v. Ashcroft, 396 F.3d 272, 280-81 & n.12 (3d Cir. 2005) (holding that BIA's denial of motion to remand for adjustment of status "is not a judgment on whether to adjust [the petitioner's] status under § 245(a) of the INA, which would be a discretionary decision under an enumerated provision in [the transitional rules], but is rather a discretionary decision under a regulation not listed in, or derived from, any of the enumerated provisions in [the transitional rules].").  In any event, we have jurisdiction to review questions of law and constitutional claims, see INA § 242(a)(2)(D), including Benek's arguments that the Board improperly engaged in fact-finding and denied him an opportunity to respond to potentially dispositive administratively noticed facts.  See

---

however, the asylum proceedings were still pending before the BIA when the visa petition was filed.  See 8 C.F.R. § 1003.5(a) (providing that "[i]f an appeal is taken from a decision of an immigration judge, the record of proceeding shall be forwarded to the Board upon the request or the order of the Board.").

Padmore v. Holder, 609 F.3d 62, 67 (2d Cir. 2010) ("[W]hen the BIA engages in factfinding in contravention of 8 C.F.R. § 1003.1(d)(3)(iv), it commits an error of law, which we have jurisdiction to correct."); Enriquez-Gutierrez v. Holder, 612 F.3d 400, 406, 410-11 (5th Cir. 2010) (exercising jurisdiction, pursuant to § 242(a)(2)(D), over claim that BIA went beyond its authority in taking administrative notice of transcript of prior deportation hearing).

Benek argues that if the BIA intends to take administrative notice of potentially dispositive facts, it must warn a petitioner and provide the petitioner with an opportunity to respond before it denies a motion to reopen on the basis of those facts. In support of this assertion, he relies on Burger v. Gonzales, 498 F.3d 131 (2d Cir. 2007), and Chhetry v. Department of Justice, 490 F.3d 196 (2d Cir. 2007) (per curiam). In those cases, the Board's decisions to deny relief were solely based on facts that it administratively noticed, namely, current events bearing on the asylum applicants' well-founded fear of persecution. See Burger, 498 F.3d at 133, 135; Chhetry, 490 F.3d at 198-99. Here, however, the inconsistencies concerning Benek's marriage were apparent from the record and the materials Benek submitted in support of his motion to reopen.[3] Thus, because the

---

[3] Benek's assertion that he is prima facie eligible for adjustment of status is not in dispute. Cf. In re Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002) (addressing factors necessary to grant a motion to reopen based on an *unadjudicated* visa petition). Indeed, an approved visa petition based on marriage "will be considered primary evidence of eligibility for the bona fide marriage exemption." 8 C.F.R. § 1245.1(c)(8)(v). Nevertheless, despite Benek's eligibility, the BIA's discretionary denial of the motion to reopen was permissible. See INS v. Abudu, 485 U.S. 94, 104-05 (1988) (holding that where the underlying relief

4

Board drew its conclusions from evidence provided by Benek himself, it did not have to provide him with an opportunity to respond prior to denying the motion to reopen.

For the foregoing reasons, we will deny Benek's petition for review.[4]

---

sought is discretionary, the BIA may deny a motion to reopen if it determines that it would ultimately exercise discretion to deny that relief).

[4] The Government's motion to dismiss is denied.