06-3416-ag
Chhetry v. U.S. Dep't of Justice

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

———————

August Term, 2006

(Argued: April 18, 2007                    Decided: June 20, 2007)

Docket No. 06-3416-ag

———————

KRISHNA BAHADUR BHATTARAI CHHETRY,

*Petitioner,*

—v.—

U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL ALBERTO R. GONZALES,

*Respondents.*

———————

B e f o r e :

WALKER, STRAUB, and B.D. PARKER, *Circuit Judges.*

———————

Appeal from a decision of the Board of Immigration Appeals denying Petitioner's motion to reopen. Petition granted; vacated and remanded.

———————

KHAGENDRA GHARTI-CHHETRY, Chhetry & Associates, P.C., New York, NY, *for Petitioner.*

GLADYS STEFFENS-GUZMAN, Office of Immigration Litigation (John A. Broadwell, Assistant United States Attorney, Donald W. Washington, United States Attorney, Western District of Louisiana, Shreveport, LA, *on the brief*), *for Respondents.*

———————

*Per Curiam:*

This case requires us to determine whether the Board of Immigration Appeals ("BIA") exceeds its allowable discretion when, in denying a motion to reopen based solely on facts of which it took administrative notice, it fails to give the petitioner an opportunity to rebut the inferences it drew from those noticed facts. Because we conclude that such a failure constitutes an excess of discretion, we grant the petition for review, vacate the BIA's denial, and remand the case to the BIA for further proceedings.

Krishna Bahadur Bhattarai Chhetry, a citizen of Nepal, filed his application for asylum, withholding of removal, and relief under the Convention Against Torture in September 2003, alleging persecution by the Maoist Party in Nepal. After a hearing, the Immigration Judge found Chhetry credible, but nevertheless denied his application on December 16, 2004 on the ground that he had failed to establish a threat of harm sufficient to constitute a well-founded fear of future persecution. The BIA summarily affirmed this decision in February 2006, and Chhetry did not petition this Court for review of that affirmance.

In March 2006, Chhetry filed with the BIA a "Motion to Reopen/Reconsider Based on Changed Country Condition[s]." In that motion, Chhetry presented many of the same arguments he made in his merits appeal, but also argued that the political situation in Nepal had deteriorated since February 1, 2005, after King Gyanendra seized power. Chhetry asserted that this development placed his life in "grave danger" due to his membership in and support for the Nepali Congress Party. Chhetry also submitted letters from his wife and a friend, both of which stated that Maoist rebels and unnamed "security personnel" were looking for him.

In June 2006, the BIA, treating Chhetry's motion as one to reopen,[1] denied the motion on a single ground: "country conditions have changed dramatically in the few months since the respondent's motion was filed, and we take administrative notice of these developments." *In re Chhetry*, No. A97 849 664 (B.I.A. Jun. 21, 2006). Specifically, the BIA took administrative notice of the following events that took place after Chhetry filed his motion: (1) King Gyanendra agreed to give up his powers and restore the Parliament; (2) the King called upon opposition parties, including the Nepali Congress Party, to nominate a candidate for prime minister; (3) Nepali Congress Party President Girija Prasad Koirala was elected prime minister; (4) the King was removed as supreme commander of the army and the parliament voted to curtail his political powers; and (5) Maoist rebels called a three-month cease-fire and began peace talks with the government. The BIA said its sources for these events "include[d] the website *news.yahoo.com/fc/world/nepal*, as well as the websites for CNN and BBC news." Based on "these developments," the BIA concluded that it did "not find a sufficient basis for reopening the respondent's case." Chhetry now petitions this Court for review of the BIA's decision.

We review the denial of a motion to reopen for an excess of allowable discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *see also Lopes v. Gonzales*, 468 F.3d 81, 85-86 (2d Cir. 2006) (per curiam). An excess of discretion may be found where the BIA's decision "'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in

---

[1] The BIA was correct to consider Chhetry's motion as one to reopen as opposed to reconsider because the motion presented no argument regarding an error of law or fact that would have been the proper basis for a motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 90-91 (2d Cir. 2001).

3

an arbitrary or capricious manner.'" *Kaur*, 413 F.3d at 233-34 (quoting *Ke Zhen Zhao*, 265 F.3d at 93)).

In reviewing the denial of a motion to reopen, we are constrained to review only the denial of that motion and are precluded from reviewing the merits of the petitioner's underlying claim for relief. *See id.* at 233; *see also Stone v. INS*, 514 U.S. 386, 405 (1995). Thus, the only argument properly before us in this case is Chhetry's assertion that the BIA erred in denying his motion to reopen based on inferences it drew from "a report on Yahoo.com" and by failing to consider whether he, specifically, would be persecuted by Maoists and the Royal Nepal Army if required to return to Nepal.

We construe this assertion as containing two arguments: (1) that the BIA exceeded its allowable discretion in taking administrative notice of changed country conditions based on information gleaned from website news articles; and (2) that the BIA exceeded its allowable discretion by not permitting Chhetry the opportunity to rebut the inferences the BIA drew from facts of which it took administrative notice.

As to the former, the BIA did not err in taking administrative notice of changed country conditions based on news articles found on *yahoo.com*, or the websites of CNN and BBC News. In *Hoxhallari v. Gonzales*, we noted that just as we may "exercise independent discretion to take judicial notice of any further changes in a country's politics that occurred between the time of the BIA's [] decision and our review; the same is true for the BIA." 468 F.3d 179, 186 n.5 (2d Cir. 2006) (per curiam) (citations omitted). Thus, the BIA may take administrative notice of current events bearing on an applicant's well-founded fear of persecution. *See Ajdin v. BCIS*, 437 F.3d 261, 265 (2d Cir. 2006) (per curiam); *Yang v. McElroy*, 277 F.3d 158, 163 n. 4 (2d Cir.

4

2002) (per curiam); *see also* 8 C.F.R. § 1003.1(d)(3)(iv) (BIA may take "administrative notice of commonly known facts such as current events or the contents of official documents"). Noticed facts, however, must be "commonly known," not subject to reasonable dispute, and "easily verifi[able]." *Ajdin*, 437 F.3d at 265; 8 C.F.R. § 1003.1(d)(3)(iv); *de la Llana-Castellon v. INS*, 16 F.3d 1093, 1097 (10th Cir. 1994). The particular source relied upon, therefore, matters only to the question of accuracy or verifiability. Accordingly, courts have upheld reliance on newspaper articles to demonstrate changed country conditions when those articles showed recent changes in a country's political situation and the accuracy of the noted changes was undisputed. *See Wojcik v. INS*, 951 F.2d 172, 173 (8th Cir. 1991). Here, the *yahoo.com* website cited by the BIA contained a series of articles from reputable news organizations, all of which reported the same facts relied upon by the BIA – and Chhetry does not question the accuracy of those facts. Thus, it was not error for the BIA to take administrative notice of the governmental changes in Nepal because these events were commonly known and undisputed.

However, the BIA did exceed its allowable discretion in denying Chhetry's motion to reopen based on inferences it drew from those noticed facts without giving him the opportunity to rebut the significance of the noticed facts as applied to his particular situation. The U.S. Courts of Appeals for the Fifth, Seventh, Ninth, Tenth, and D.C. Circuits have all concluded that petitioners must be given the opportunity to challenge, for both truth and significance, facts of which the BIA takes administrative notice when its reliance on those facts is dispositive, as was the case here. *See Rivera-Cruz v. INS*, 948 F.2d 962, 968 (5th Cir. 1991) ("It is a fundamental proposition of administrative law that interested parties must have an effective chance to respond to crucial facts.") (internal quotation marks omitted); *Kaczmarczyk v. INS*, 933 F.2d 588, 596

5

(7th Cir. 1991) ("We believe the due process clause of the fifth amendment requires that petitioners be allowed an opportunity to rebut officially noticed facts, particularly when . . . those facts are crucial to – indeed dispositive of – the outcome of the administrative proceeding."); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1029 (9th Cir. 1992) (holding that the BIA violated the Fifth Amendment's due process clause "in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts"); *de la Llana-Castellon*, 16 F.3d at 1099 (holding, where the BIA made "disputable inferences" based on noticed facts, "due process require[d] the BIA to give Petitioners advance notice and an opportunity to be heard"); *Gutierrez-Rogue v. INS*, 954 F.2d 769, 773 (D.C. Cir. 1992) ("[D]ue process guarantees an asylum applicant the right to challenge an officially noticed fact – with respect both to its truth and its significance."). No court of appeals has concluded otherwise. We agree with our sister circuits that a petitioner must be given notice of, and an effective chance to respond to, potentially dispositive, administratively noticed facts.

There is, however, a circuit split as to whether a petitioner's ability to file a subsequent motion to reopen cures a lack of notice. The Fifth, Seventh, and D.C. Circuits have held that, for a petitioner on direct appeal from a final order of removal, the availability of a motion to reopen serves as a sufficient "mechanism to rebut officially noticed facts" because petitioners can use such a motion to present the BIA with "evidence that the facts it officially noticed are incorrect or that they are true but irrelevant to their case," and, if the BIA refuses the motion, petitioners can appeal. *Kaczmarczyk*, 933 F.2d at 597; *see also Rivera-Cruz*, 948 F.2d at 968-69; *Gutierrez-Rogue*, 954 F.2d at 773. The Ninth and Tenth Circuits, on the other hand, have held in similar cases that the availability of a motion to reopen is an inadequate substitute for a full opportunity

6

to rebut administratively noticed facts because, *inter alia*, the discretionary nature of motions to reopen does not guarantee a petitioner an effective ability to respond to previously-noticed facts, and petitioners are not guaranteed a stay of deportation while awaiting a decision on reopening. *See Castillo-Villagra*, 972 F.2d at 1030; *Gomez-Vigil v. INS*, 990 F.2d 1111, 1124 (9th Cir. 1993) (Fletcher, *J.*, concurring); *de la Llana-Castellon*, 16 F.3d at 1100.

Like the Ninth and Tenth Circuits, we doubt whether the protection afforded by the availability of a motion to reopen is enough for petitioners on direct appeal from final orders of removal. However, we need not decide this broader question because Chhetry appeals from the denial of a motion to reopen; he does not appeal from the BIA's final order of removal. Thus, not only would Chhetry have to surmount the usual hurdles attendant upon the filing of motions to reopen, but any subsequent motion to reopen might also be number-barred. *See* 8 C.F.R. §§ 1003.2(c)(2), (c)(3). We therefore agree with the First Circuit that when "the Board intends to take official notice in deciding a motion to reopen or reconsider it would be absurd to force an applicant to file a second motion to respond to the newly noticed facts. A multiplicity of motions for rehearing in this context would have two undesirable effects: dilution of the applicant's procedural rights and concentration of the incentive to prolong litigation." *Gebremichael v. INS*, 10 F.3d 28, 39 (1st Cir. 1993) (emphasis omitted).

Thus, while the BIA did not exceed its allowable discretion in taking administrative notice of potentially dispositive facts, it did exceed its discretion in failing to provide Chhetry with an opportunity to rebut the significance of those facts before issuing its decision on Chhetry's motion.

Accordingly, the petition for review is GRANTED, the BIA's order denying Chhetry's

7

motion to reopen is VACATED, and the case is REMANDED to the BIA for further proceedings, including, if additional factual development is appropriate, further proceedings before the Immigration Judge. Petitioner's motion for a stay of removal is GRANTED pending a decision from the BIA on remand.