**Mohamed BAH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2906–ag.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Matthew J. Harris, Of Counsel to Eric A. Wuestman, Brooklyn, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Gregory M. Kelch, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Mohamed Bah, a native and citizen of Sierra Leone, seeks review of a June 8, 2007 order of the BIA affirming the October 24, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Bah,* No. A79 326 209 (B.I.A. Jun. 8, 2007), *aff'g* No. A79 326 209 (Immig. Ct. N.Y. City Oct. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See, e.g., Mufied v. Mukasey,* 508 F.3d 88, 90 (2d Cir.2007). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Delgado v. Mukasey,* 508 F.3d 702, 705 (2d Cir.2007). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ An IJ must generally deny an asylum application even when an asylum seeker has suffered past persecution in his country of nationality when the agency finds that the government has established by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances" in that country "such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Jalloh v. Gonzales,* 498 F.3d 148, 151 (2d Cir.2007). Here, substantial evidence supports the agency's conclusion that conditions in Sierra Leone have fundamentally changed such that, even assuming Bah suffered persecution there on account of a protected ground, he no longer has a well-founded fear of persecution should he return. *See*

*Jalloh,* 498 F.3d at 151 n. 2 (finding that substantial evidence supported the BIA's finding that country conditions in Sierra Leone had changed).

Bah argues that the IJ failed to conduct a particularized analysis of how "the facts of a change in country conditions ... operate on the facts of [Bah]'s circumstances." This argument is unavailing, as the IJ specifically noted that "[t]he civil war which caused whatever harm [Bah] suffered has ended. The president he supported is back in power and his Sierra Leone People's Party is in control of the government." We need not determine whether the BIA erred in taking administrative notice of additional facts without giving Bah an opportunity to respond, *see, e.g., Chhetry v. U.S. Dep't of Justice,* 490 F.3d 196, 200 (2d Cir.2007), because the BIA properly relied on facts already found by the IJ in affirming the IJ's finding of changed country conditions.

Because the changed country conditions finding is supported by the record and is dispositive of Bah's asylum claim, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), we need not address the agency's adverse nexus and past persecution findings. As Bah was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief where all of his claims relied on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). Accordingly, these claims too must fail.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Bah's motion for a stay of removal in this petition is DISMISSED as moot.