

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# Diaby v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Diaby v. Atty Gen USA" (2008). *2008 Decisions.* Paper 878.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/878

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3086
_____

MAMADOU DIABY,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A73-544-551
(U.S. Immigration Judge: Alberto J. Riefkohl)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2008

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

Filed: July 8, 2008
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Mamadou Diaby, a native and citizen of Côte d'Ivoire, petitions for review of an

order of the Board of Immigration Appeals (BIA or Board), which denied his motion to

reopen his immigration proceedings. For the reasons that follow, we will grant the petition and remand for further proceedings.

Diaby entered the United States on a nonimmigrant visa in 1993 and stayed longer than permitted. He filed an affirmative application for asylum in 1996, claiming past persecution based on his membership in the Ivorian Popular Front (FPI) political party. An Immigration Judge (IJ) denied relief on August 29, 1997. Diaby appealed, but failed to file a brief, and the BIA dismissed the appeal on January 19, 2001.

On May 21, 2007, Diaby filed a motion to reopen, citing changed circumstances in the Côte d'Ivoire. In the intervening years, the FPI became the ruling party. However, Diaby's family back home was not happy with the way the party was representing the interests of Muslims of his ethnicity (Dioula). His family members all changed their allegiance to the Rally of Republicans (RDR) political party. Diaby joined that party in 2004 in New Jersey. Diaby's sister was killed on January 7, 2006, due to her political involvement. His brother Ibrahim and sister Mariama were threatened, detained and injured by government authorities, and an arrest warrant was issued for Mariama. Mariama fled the country in 2001 and applied for asylum in the United Kingdom. Diaby does not know the whereabouts of Ibrahim.

The BIA denied the motion to reopen. The BIA stated that Diaby's motion to reopen did not establish a prima facie case of eligibility for asylum or withholding of removal based on changed country conditions, but rather was based on a personal change,

2

his changed party affiliation. Although the BIA did not make an adverse credibility finding, it also appears that it disbelieved Diaby's claims. The decision states:

> Ten years ago, the respondent who was born in Abidjan, in the southern Ivory Coast, claimed to be a father of seven (six of whom are identified in the I-589), and an active FPI member. Now, he claims to be a "Dioula Muslim" from the "North" of the country, a father of five (four of whom are identified in the I-589), and an active RDR member . . . .

App. at 8. The BIA also found that Diaby failed to adequately explain his disassociation with FPI. The decision noted that the evidence concerning his siblings "does little to corroborate his assertion that his siblings have suffered and feared harm due to their RDR support," as his sister's death certificate did not show a cause of death, and an affidavit from Mariam stated that "she is originally from Samatiguila in the northern part of the country, but the respondent had maintained that the family is from the south." The BIA noted that the country is divided politically between north and south, and found this to be a significant problem with the evidence. As the BIA found that Diaby had failed to establish a prima facie case for reopening on the basis of changed country conditions, it denied the motion as untimely. See 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of final administrative decision) and § 1003.2(c)(3)(ii) (time limitations do not apply to motion to reopen based on changed country circumstances if evidence supporting motion is material and was unavailable at previous hearing). Diaby filed a timely, counseled petition for review.

3

Where the Board finds a petitioner has failed to make a prima facie case for reopening, we review the Board's findings of fact for substantial evidence, and review its ultimate decision to reject the motion to reopen for an abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). To establish a prima facie case for reopening, the petitioner must produce evidence showing a "reasonable likelihood" that he is eligible for relief; i.e., in the case of asylum, a "realistic chance" that he will be granted asylum in the future. Shardar v. Attorney General, 503 F.3d 308, 313 (3d Cir. 2007). "Facts presented in the motion to reopen are accepted as true unless inherently unbelievable." Id. (internal quotation and citation omitted). We hold that the Board's findings are not supported by substantial evidence.

From reading the Board's decision, one would think that Diaby suddenly claimed for the first time in his motion to reopen that he is a Dioula Muslim. This is not so. Diaby indicated at the outset of his initial asylum hearing that he was Dioula and that his religion was Muslim. A.R. 124. He also testified in the Dioula language. Although he was born in the south, and appears to have attended school in the south, he testified that his father was at the time still alive and that he lived in "the village," which is Samatigila, in the extreme north of Côte d'Ivoire. A.R. 134, 230.[1] Diaby apparently identifies as a northerner because of his ethnicity, even though he may not have grown up in the north. In fact, a document from the RDR party in New Jersey notes that "his family, back home,

_____

[1] Diaby's new asylum application indicates that his father is deceased. A.R. 16.

4

as any other family *originally from the north* of Côte d'Ivoire is suspected to be politically engaged in favor of the RDR." A.R. 37 (emphasis added).[2]

The Board does not appear to have given sufficient weight to Diaby's additional evidence. Diaby presented evidence that one sister was killed, another was arrested and tortured in detention, and that his brother was also arrested and beaten, because of their involvement with the RDR party. The Board did not indicate that any of these facts were "inherently unbelievable," rather, they seemed to require additional detail, a requirement we do not find necessary to establish a prima facie case. Considering as true this evidence, and the evidence that Diaby has been a member of the RDR party since 2004, we find that Diaby has made out a prima facie case for reopening.

Even if the Board had correctly found that Diaby had made out a prima facie case, it would be justified in denying the motion as untimely unless the motion was found to be based on changed country conditions.[3] It is true that Diaby's motion was based, in part,

---

[2] The BIA also noted discrepancies between the number of children listed on Diaby's two asylum applications. As the BIA did not explicitly make an adverse credibility determination, we need not reach the issue of whether review of such a determination would be governed by the provisions of the REAL ID Act, which allows a trier of fact to make a credibility determination "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); see Kaita v. Attorney General, 522 F.3d 288 (3d Cir. 2008) (noting that REAL ID Act provisions do not apply to petitions filed before May 11, 2005). We note, however, that the number of children Diaby has is entirely irrelevant to his asylum claim.

[3] Of course, the Board may deny a motion to reopen as a matter of discretion even if the applicant has made out a prima facie case; 8 C.F.R. § 1003.2(a); but the BIA here did not deny Diaby's motion as a matter of discretion.

on changed personal circumstances; ie., his change in political affiliation. However, the change in personal circumstances would have been of little significance absent a change in country conditions. At the time of Diaby's first asylum hearing, a State Department official, asked to comment on Diaby's asylum request, noted that "mere affiliation with the FPI, *or any other opposition political party* in Côte d'Ivoire, is unlikely by itself to be the basis for persecution by the government." A.R. 217 (emphasis added). The official attached a report regarding asylum claims and country conditions for Côte d'Ivoire, dated July 1996, which confirms that affiliation with either the FPI or RDR parties "would not expose that person to danger for that reason alone." A.R. 222. Based on the evidence Diaby submitted with his motion to reopen, it appears that country conditions have changed to make involvement with the RDR much more dangerous.

Diaby also notes that the BIA decision cites a State Department travel warning, which mentions a peace accord "between Ivorian President Gbagbo and the New Forces rebel leader, Guillaume Soro." The BIA appears to have inferred from this statement that this peace accord would create peace for everyone in Côte d'Ivoire. Because we remand for other reasons, Diaby will have an opportunity to address this statement, and we need not reach the issue of whether the BIA abused its discretion in making such an inference without allowing Diaby a chance to rebut the information. Cf. Chhetry v. U.S. Dep't of Justice, 490 F.3d 196, (2d Cir. 2007) (while BIA is authorized to take administrative notice of changed country conditions, it abused its discretion where it denied a motion to

6

reopen based on inferences drawn from the administratively noticed facts without giving the alien an opportunity to rebut the inferences).

For the foregoing reasons, we will grant the petition and remand with instructions to reopen the matter for further proceedings.[4]

---

[4] Although Diaby also seeks withholding of removal in his motion to reopen, because we conclude that he has made a prima facie case for asylum, we need not deal with this form of alternative relief. Shardar, 503 F.3d at 312, n.4.