10-2037-ag
Blanco-Salvador v. Holder

BIA
Videla, IJ
A075 798 462

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of April, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

WILBER LEONEL BLANCO-SALVADOR,
> *Petitioner,*

> v.                                          10-2037-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Anne Pilsbury, Central American
                         Legal Services, Brooklyn, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Linda S. Wernery, Assistant
                         Director; James E. Grimes, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and GRANTED in part.

Petitioner Wilber Leonel Blanco-Salvador, a native and citizen of El Salvador, seeks review of a May 7, 2010, order of the BIA reversing immigration judge ("IJ") Gabriel C. Videla's February 8, 2000, decision granting his application for asylum. *In re Wilber Leonel Blanco-Salvador*, No. A075 798 462 (B.I.A. May 7, 2010); *rev'g* No. A075 798 462 (Immig. Ct. N.Y. City Feb. 8, 2000). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed only the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An alien who establishes past persecution on account of protected ground "shall also be presumed to have a well-founded fear of persecution on the basis of the original claim." *See* 8 C.F.R. § 1208.13(b)(1). However, the

2

presumption may be rebutted if, *inter alia*, the agency finds that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Lecaj v. Holder*, 616 F.3d 111, 115 (2d Cir. 2010). The government bears the burden to establish such a fundamental change in country conditions by a preponderance of the evidence. 8 C.F.R. § 1208.13(b)(1)(ii); *see also Lecaj*, 616 F.3d at 115.

Here, the BIA determined that, even assuming that Blanco-Salvador demonstrated past persecution, circumstances in El Salvador had fundamentally changed such that he no longer had a well-founded fear of persecution. Specifically, the BIA found that "the civil war in El Salvador ended in 1991 and that the guerillas are no longer active," and that "while human rights issues remain in El Salvador and violence persists, it is no longer due to a civil war and the government is not targeting certain localities thought to be pro-guerrilla." In doing so, the BIA took administrative notice of the 2009 U.S. State Department Report on El Salvador ("2009 Report"), in addition to the 1997 U.S. State Department Report ("1997 Report") in the record.

3

Blanco-Salvador argues that the BIA engaged in impermissible fact-finding by taking administrative notice of the 2009 report.  However, it is "well-settled" that the BIA has the authority to take administrative notice of current events bearing on an asylum applicant's well-founded fear of persecution, including State Department reports. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 166 (2d Cir. 2008).  Furthermore, because the BIA relied on the 1997 Report, which was part of the administrative record, in addition to the 2009 Report in finding a fundamental change in circumstances in El Salvador, its failure to inform Blanco-Salvador of its intention to take administrative notice of the 2009 Report did not violate his right to due process.  *See Jian Hui Shao*, 546 F.3d at 167-68; *cf. Burger v. Gonzales*, 498 F.3d 131, 132-33 (2d Cir. 2007);  *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 198 (2d Cir. 2007).

Blanco-Salvador's contention that "[t]here is still much political violence in El Salvador and it is the Government's burden to show that [he] is no longer in danger" is unavailing.  Even if Blanco-Salvador established past persecution, the presumption of a well-founded fear to which he was entitled applies only to persecution "*on the basis of the original claim*."  *See* 8 C.F.R. § 1208.13(b)(1)

4

(emphasis added). The fact that violence continues in El Salvador is therefore insufficient to demonstrate that Blanco-Salvador would be persecuted on the basis of his original claim that the military targeted him due to its belief that he supported the guerillas. *Id.; see also Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("General violence . . . does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution"). Furthermore, although Blanco-Salvador referred to problems with "forced recruitment" by the guerillas in 1994, he did not claim that the recruitment amounted to past persecution. In any event, as the BIA observed, forced recruitment is not a proper basis for asylum. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) ("the mere existence of a generalized 'political' motive underlying the guerillas' forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that Elias-Zacarias fears persecution *on account of* political opinion") (emphasis in original). Thus, the BIA did not err in denying Blanco-Salvador's application for asylum and withholding of removal.

With respect to Blanco-Salvador's request for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii), we

5

have found that to merit a grant of humanitarian asylum on the basis of severe past persecution, an applicant must demonstrate "long-lasting physical or mental effects of his persecution." *Omaro Jalloh v. Gonzales,* 498 F.3d 148, 152 (2d Cir. 2007); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 184 (2d Cir. 2006) (upholding the denial of humanitarian asylum to a supporter of the Democratic Party in Albania who had been beaten and harassed on six occasions).  Here, the BIA's determination that Blanco-Salvador failed to demonstrate "severe" persecution, *see* 8 C.F.R. § 1208.13(b)(1)(iii)(A), was not based on impermissible fact-finding.  Rather, the BIA made a legal determination that the facts found by the IJ were insufficient to merit a grant of humanitarian asylum.  *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioner's] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

While the BIA may have appropriately denied Blanco-Salvador humanitarian asylum based on the severity of his

past persecution, however, they failed to address entirely 8 C.F.R. § 1208.13(b)(1)(iii)(B), which allows for humanitarian asylum based on the "reasonable possibility that [a petitioner] may suffer other serious harm upon removal..." The BIA is obligated to at least address petitioner's claims on this point. The failure to do so cannot be excused by the rejection of petitioner's other claims, as subsection(iii)(B) provides for asylum in the absence of a well-founded fear of persecution and in the absence of severe past treatment. On remand the BIA may well find that there is no "other serious harm" that will befall Blanco-Salvador on removal. This may be appropriate, or it may not. We cannot know until the BIA actually provides a basis for its decision. A remand to the BIA for the limited purposes of addressing Blanco-Salvador's claims of other serious harm is appropriate.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7