NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3626
_____

FENG YING LI,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A077-234-282)
Immigration Judge: Paul Grussendorf
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2017

Before:  HARDIMAN, ROTH and FISHER, *Circuit Judges*.

(Filed: June 19, 2017)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

Feng Ying Li says the Board of Immigration Appeals, or BIA, abused its discretion in denying her sixth motion to reopen her removal proceedings. We disagree and will deny her petition for review.

I.

Li, a native and citizen of China, entered the United States in 1998 without valid documentation. She applied for asylum, withholding of removal, and relief under the Convention Against Torture, claiming Chinese officials intended to sterilize her for having a child. The Immigration Judge, or IJ, found her not credible and denied her application in 1999. The BIA affirmed in 2002, ordered her removal, and granted her voluntary departure. Li remained in the United States, had two more children, and filed five motions attempting to reopen her case. Each attempt was unsuccessful.

In April 2016, Li asked the BIA to reopen her case a sixth time. She claimed entitlement to seek asylum based on changed conditions in China. She'd adopted Christianity in 2012, she said, and conditions for Christians in China had deteriorated since her hearing before the IJ in 1999. Conditions for individuals who'd violated China's population-control policies had also worsened since 1999, she claimed. The BIA denied Li's motion, finding that she failed to show changed country conditions worthy of relief. This timely petition for review followed.

## II.

The BIA had jurisdiction under 8 C.F.R. § 1003.2, and we have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion and will disturb the BIA's decision only if it's arbitrary, irrational, or contrary to law.[1] Because the BIA found that Li failed to establish a prima facie case to reopen, we apply a substantial-evidence standard and will uphold the BIA's factual findings unless the record "not only supports a contrary conclusion, but compels it."[2]

## III.

Li's sixth motion to reopen is time- and number-barred, so she must point to material evidence of "changed country conditions" that couldn't have been presented during her hearing before the IJ in 1999.[3] The BIA, we hold, did not abuse its discretion in finding that Li failed to meet this burden.

## A.

Li first says the BIA abused its discretion by overlooking evidence of increased government persecution of Christians in China since 1999. We disagree. The BIA honored its duty to explicitly consider the materials Li submitted.

---

[1] *Pllumi v. Attorney Gen.*, 642 F.3d 155, 158 (3d Cir. 2011).

[2] *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001).

[3] 8 U.S.C. § 1229a(c)(7)(C)(ii).

3

Before the BIA, Li cited just two of the eighty-eight documents on religious freedom she attached as exhibits to her motion.[4] One of these documents — the U.S. State Department's 2013 report on China — does not compare more-recent conditions for Chinese Christians to conditions in 1999, let alone prove that conditions worsened since 1999.[5] Li omitted from her exhibits the portions of the other document — a 2012 congressional report on China — that discuss religious freedom in China.[6] None of the other documents Li submitted, save one, discusses conditions for Chinese Christians in 2015 or 2016. As for that one document — a 2015 congressional report on China — Li again omitted from her exhibits the portions of it that explain Congress's findings on religious freedom in China.[7] The BIA could have taken administrative notice of the rest of these reports, as the BIA itself recognized. But the burden of proof was on Li, who was to "highlight or otherwise indicate the pertinent passages" of the "voluminous secondary source material" she attached to her motion.[8] This she failed to do. Without pointing to specific evidence in the record, Li left the BIA no meaningful way to compare conditions over time to assess whether they've changed materially since 1999.

Li falters for similar reasons on appeal. She points us to one page of the Commission on International Religious Freedom's 2014 Annual Report and one page of

[4] *See* A.R. 133–37 (citing only "Tab MMM" and "Tab CCCC").
[5] *See* A.R. 687–732.
[6] *See* A.R. 2052–71.
[7] *See* A.R. 2155–210.
[8] BIA Practice Manual § 3.3(e)(iii) (2017); *see Pllumi*, 642 F.3d at 161.

the U.S. State Department's 2011 report on China.[9] Putting aside that Li failed to direct the BIA to these two pages, neither helps her case. The page from the 2014 report only briefly recounts increases in the detention of Chinese Christians from 2013 to 2014, not 1999 to 2015 or 2016, the periods relevant here. And the page from the 2011 report does not specifically address the treatment of Christians in China. It speaks only generally of, for example, Chinese "religious adherents," "unregistered groups," "religious believers," "members of unregistered religious or spiritual groups," and "[u]nregistered religious believers or Falun Gong adherents."[10] Li's suggestion that the BIA abused its discretion by overlooking these two pages is meritless.

In any event, Li's adoption of Christianity is a change in her personal circumstances that does not evidence changed country conditions. Where an applicant "intentionally alters" her own personal circumstances knowing she's been ordered removed from the United States, that alteration doesn't in itself constitute changed country conditions.[11] We thus reject Li's argument that the BIA abused its discretion by overlooking evidence of increased persecution of Christians in China since 1999.

B.

Li next asks us to remand because the BIA took administrative notice of, but failed to provide her the opportunity to respond to, a 2015 State Department report discussing

---

[9] *See* Li Br. 18–19 (citing A.R. 594, 604).
[10] A.R. 604.
[11] *Khan v. Attorney Gen.*, 691 F.3d 488, 498 (3d Cir. 2012).

China's easing of its one-child policy. This, Li argues, violated her Fifth Amendment due process rights. We don't think it did.

Courts have held that the BIA must give the "opportunity to challenge, for both truth and significance, facts of which the BIA takes administrative notice."[12] But this rule obtains only when the BIA's "reliance on those facts is dispositive."[13] That's not this case. Here, the BIA took notice of the 2015 State Department report only to support conclusions it drew from exhibits Li attached to her motion.

Before taking notice of the 2015 State Department report, the BIA addressed the only temporally relevant document Li submitted to support her contentions about China's family-planning policies: a partial version of a 2015 congressional report on China. That document says: "Faced with a rapidly aging population, a shrinking pool of working-age people, international condemnation, and high levels of public dissatisfaction, the Chinese government *eased* its coercive population control policies somewhat in 2013, allowing couples to have two children if at least one spouse was an only child."[14] As the BIA noted, this report "still cites instances of officials using coercive practices to enforce the population control policy, but the easing of restrictions shows an improvement in conditions since 1999 rather than worsening conditions as [Li] claims."[15] To bolster that

---

[12] *Chhetry v. United States Dep't of Justice*, 490 F.3d 196, 200–01 (2d Cir. 2007) (citing decisions).

[13] *Id.* at 200; *see, e.g.*, *Shao v. Mukasey*, 546 F.3d 138, 166–68 (2d Cir. 2008).

[14] A.R. 2165 (emphasis added).

[15] App. 8.

6

conclusion, the BIA took notice of the 2015 State Department report on China. That report confirms that in 2013, China "revised the national population and family planning policy (the so-called one-child policy) to allow families to have two children when at least one parent was a single child," and added that in October 2015, the Chinese Communist Party "proposed the limit be raised to two children per family" starting January 1, 2016.[16]

In sum, while Li had no opportunity to give her take on the 2015 State Department report, the BIA used it merely to confirm what the 2015 congressional report said. The BIA's reliance on this administratively noticed document was therefore not dispositive. No due process violation occurred here.

C.

Li's next contention is that the BIA abused its discretion by overlooking evidence of worsening conditions for violators of China's family-planning policies since 1999. She claims the BIA ignored her argument that "*enforcement*" of family-planning policies took a "materially more coercive direction" where "forced sterilizations and abortions are now commonplace" in her home province of Fujian.[17] We again disagree. The BIA adequately considered Li's filings on this issue and did not abuse its discretion.

---

[16] *Country Reports on Human Rights Practices: China (includes Tibet, Hong Kong, and Macau)*, U.S. Dep't of State (2015), *available at* https://www.state.gov/j/drl/rls/hrrpt/2015humanrightsreport/index.htm?year=2015&dlid=252755#wrapper.

[17] Li Br. 26.

The BIA first declined to reevaluate documents Li submitted that it had already analyzed and rejected in decisions denying Li's earlier motions to reopen. Li suggests on appeal that, in so doing, the BIA "shirked [its] responsibility" to examine the record fully.[18] We cannot agree. Li cites us no case suggesting that the BIA must reevaluate its prior conclusions about a document merely because an applicant reattaches it to a new motion to reopen. The BIA need only consider the issues raised and announce its decision in terms sufficient to enable us to perceive that it heard and thought and not merely reacted.[19] The BIA met that standard here in incorporating its prior conclusions about these documents into its decision.

With regard to the new materials Li submitted, the BIA did not abuse its discretion in finding that they fail to show changed country conditions warranting relief. Substantial evidence supported the BIA's finding. As explained above, Li submitted just one document addressing the state of China's family-planning policies in 2015: part of a 2015 congressional report. That report discusses the easing of China's one-child policy as of November 2014 in "all 31 provincial-level jurisdictions in China" and the easing of its reproductive-services permit system (or birth-permit system) as of July 2015.[20] As Li points out, the report also notes that coercive family-planning practices — like the withholding of social benefits, "heavy fines," forced sterilization and contraception use,

---

[18] *Id.* at 13.
[19] *Filja v. Gonzales*, 447 F.3d 241, 256 (3d Cir. 2006).
[20] A.R. 2188–89.

and "arbitrary detention" — "continued" in 2015.[21] But Li must show that conditions have worsened, not merely that they've continued.

The other congressional reports Li submitted from 2012, 2013, and 2014 predate these 2015 easing measures, so the BIA's rejection of them as not probative of changed country conditions in 2015 or 2016 is supported by substantial evidence. We therefore reject Li's contention that the BIA abused its discretion by overlooking evidence of worsening family-planning enforcement since 1999.

## D.

Li ends with two requests. She asks us to "remand this case, without vacatur of the [BIA's] decision," to the BIA in accordance with a procedure the Second Circuit has adopted.[22] But in that court, the parties must agree to invoke this remand procedure.[23] The government here does not agree to Li's request, so we reject it without opining on the Second Circuit's approach. Finally, Li invites us to "recommend" that she "be granted prosecutorial discretion."[24] We decline her invitation. Prosecutorial discretion lies with the prosecutor, not this Court.

## IV.

For these reasons, we will deny Li's petition for review.

---

[21] A.R. 2165.

[22] Li Br. 37.

[23] *See In re Immigration Petitions for Review Pending in U.S. Court of Appeals for Second Circuit*, 702 F.3d 160, 161 (2d Cir. 2012) (stating that it's up to the "petitioner and the government to evaluate whether remand to the BIA . . . is appropriate").

[24] Li Br. 36.