Sherpa v. Barr

BIA
Thompson, IJ
A206 503 826

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty.

PRESENT:
        DEBRA ANN LIVINGSTON,
           *Chief Judge,*
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
           *Circuit Judges.*

_____

CHHIREE SHERPA, AKA CITHIREE SHERPA,
        *Petitioner,*

        v.                        **18-3393**
                                        **NAC**

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**             Jeffrey Bossert Clark, Acting
                                Assistant Attorney General;
                                Lindsay B. Glauner, Senior
                                Litigation Counsel; Craig A.
                                Newell, Jr., Trial Attorney,
                                Office of Immigration Litigation,
                                United States Department of
                                Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chhiree Sherpa, a native and citizen of Nepal, seeks review of an October 11, 2018 decision of the BIA affirming a September 25, 2017 decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chhiree Sherpa,* No. A206 503 826 (B.I.A. Oct. 11, 2018), *aff'g* No. A206 503 826 (Immig. Ct. N.Y.C. Sept. 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v.*

2

*Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (noting that this Court reviews factual findings under the substantial evidence standard and questions of law, "including mixed questions of law and fact and the application of law to fact," *de novo*).

An asylum applicant has the burden to establish past persecution or a well-founded fear of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(i); *Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 398 (2d Cir. 2005). "A showing of past persecution sets up a rebuttable presumption of a well-founded fear of future persecution . . . ." *Cao He Lin*, 428 F.3d at 399 (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.13(b)(1). "That presumption may be rebutted" where the Government establishes by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" or that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1) & (b)(1)(i)(A)–(B); *see id.* § 1208.13(b)(1)(ii).

3

Here, we need not address the agency's finding that Sherpa failed to establish past persecution because, even assuming he did, the agency's findings of changed conditions and ability to relocate are dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

I.   Fundamental Change in Country Conditions

The record supports the IJ's conclusion that there has been a fundamental change in conditions in Nepal and that Sherpa no longer has an objectively reasonable fear that the Maoists will persecute him because of his involvement with the Nepali Congress party ("NC").  The IJ addressed the 2016 State Department report in the record and took administrative notice of State Department reports from 2013 forward, noting that they reflected continuing improvements, free and fair elections in 2013, and the election of a Prime Minister from the NC.  *See Chhetry v. U.S. Dep't of Just.*, 490 F.3d 196, 199–200 (2d Cir. 2007) (noting that the agency may take administrative notice of country conditions evidence).  The IJ acknowledged incidents of violence surrounding elections

4

but also noted an overall decrease in violence. The 2016 State Department report discusses developments in outstanding "conflict-era cases" that arose from killings, disappearances, and land seizures during the Maoist insurgency, which ended in 2006, but the report does not reflect current political violence by Maoists towards the NC, apart from violence by a "breakaway faction" during the 2013 elections.

Moreover, a 2015 report that Sherpa presented from the Immigration and Refugee Board of Canada provides that Maoist violence had been decreasing since 2006, that instances of violence were not common, and that while criminal activities such as extortion were ongoing by factions in some areas, the targets of extortion were individuals with money, not political opponents. Given the end of the Maoist insurgency, a continuing decrease in violence since that time, and the absence of continued targeting of NC members by Maoists, the agency did not err in finding that there had been a fundamental change in conditions.

Contrary to Sherpa's argument that the Government failed to meet its burden to establish a fundamental change in circumstances because it did not proffer any country

5

conditions evidence, the Government need not present additional or duplicative country conditions evidence where, as here, the record evidence itself shows such a change. *See Passi v. Mukasey*, 535 F.3d 98, 101–02 (2d Cir. 2008) (explaining that the agency may consider State Department reports so long as it conducts an individualized analysis as to how changed conditions would affect the petitioner's situation); *see also Singh v. Barr*, 920 F.3d 255, 260 (5th Cir. 2019) ("[T]he argument that the DHS must affirmatively submit its own documentary evidence . . . is belied by the text of the regulation, which simply requires the DHS to rebut the presumption by the preponderance of *the* evidence, not by *its* evidence." (emphases in original)).

II. <u>Safe Internal Relocation</u>

The agency also did not err in concluding that Sherpa could safely relocate within Nepal. Sherpa's own testimony satisfied the Government's burden to show that he could safely relocate. *See* 8 C.F.R. § 1208.13(b)(1)(ii). Apart from four or five threatening telephone calls, Sherpa lived unharmed in Kathmandu from 2008 until he came to the United States in 2013. Although he stated in his application and argues here that he was in hiding in Kathmandu between 2008 and 2011, he

6

testified that he openly participated in NC activities.  This evidence that Sherpa lived unharmed in Kathmandu for five years while engaged in political activities for the NC rebuts any presumption that he has an objectively reasonable fear of persecution by the Maoists.  *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (explaining that a fear is not objectively reasonable where it lacks "solid support" in the record and is merely "speculative at best").

Because Sherpa's withholding of removal and CAT claims rest on the same factual basis as his asylum claim, the agency's determinations that country conditions had fundamentally changed and that he could safely relocate are dispositive of those claims as well.  *See Lecaj*, 616 F.3d at 119-20 (holding that an applicant who fails to establish the fear of harm required for a grant of asylum "necessarily" fails to meet the higher standard for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7