Singh v. Garland

BIA
Navarro, IJ
A208 203 441

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

LUCKY SINGH,
> *Petitioner,*

v.                                                            22-6424
                                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Jaspreet Singh, Esq., Law Office of Jaspreet Singh, Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Zoe J. Heller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lucky Singh, a native and citizen of India, seeks review of an August 19, 2022, decision of the BIA affirming a July 8, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lucky Singh,* No. A 208 203 441 (B.I.A. Aug. 19, 2022), *aff'g* No. A 208 203 441 (Immig. Ct. N.Y. City July 8, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "We review the [agency's] legal conclusions *de novo*, and its factual findings, including adverse credibility determinations, under the substantial

2

evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Substantial evidence supports the agency's determination that Singh's claim that

3

he was twice assaulted by members of opposing political parties because of his support for the Shiromani Akali Dal Mann Party ("Mann Party") was not credible.

First, the agency reasonably relied on an inconsistency between Singh's testimony and a supporting affidavit as to whether Singh's neighbor witnessed the first alleged assault. The neighbor affirmed that Singh was attacked in February 2015, and he (the neighbor) went to Singh's house and saw his bruises. The neighbor then affirmed that he witnessed a second attack in May 2015; the attackers fled as he and other witnesses approached; and he and others took Singh to the doctor. Singh's testimony on direct examination was consistent with that statement: he testified that he told his neighbor about the first incident, and that his neighbor was present during the second incident. On cross-examination, however, he repeatedly testified his neighbor was present during both attacks.

The IJ was not required to accept Singh's explanations for this inconsistency. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quotation marks omitted). When asked why his neighbor only mentioned witnessing the second attack, Singh responded that he did not know

4

the reason. And when asked why he initially testified that he told his neighbor about the first attack, Singh said that he did not understand the question, then repeated, nonresponsively, that he did not know why his neighbor omitted information from his statement. When asked why he would have told his neighbor about an attack if the neighbor was a witness, Singh changed his testimony to say that he did not tell his neighbor about the attack because he was present and already knew about it, and that he had testified otherwise because he was confused. As the IJ observed, these explanations were nonresponsive, and Singh did not explain why he changed his testimony.

Singh's arguments here do not compel a contrary conclusion. He misinterprets the record and appears to believe the issue is an inconsistency as to whether his neighbor witnessed the *second* attack. And he then argues that this inconsistency can be resolved because, when he said his neighbor was a witness, he meant that his neighbor took him to the doctor after the attack. Thus, his argument here only adds inconsistency. Singh also argues that the questioning was confusing, but we defer to the IJ's assessment of whether Singh understood the questions posed: "A fact-finder who assesses testimony together with witness demeanor is in the best position to discern, often at a glance, whether a question

5

that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it; whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood." *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 305 (2d Cir. 2007).

Second, the agency reasonably relied on a contradiction between Singh's testimony and country conditions evidence regarding whether there were elections in India after he joined the Mann Party.[1] Singh testified that he began working for the Mann Party on April 13, 2014; that he hung posters promoting Mann Party rallies in his and nearby villages more than 100 times before he left the country in July 2015; and that he had attended more than 100 rallies. He also testified that he did not know if there were any elections while he was a Mann

---

[1] Singh does not argue that the agency erred in taking administrative notice of the elections, and there was no error. *See Chhetry v. U.S. Dep't of Just.*, 490 F.3d 196, 199–200 (2d Cir. 2007) (the agency may take administrative notice of country conditions evidence); *Xiao Ji Chen vs. U.S. Dep't of Just.*, 471 F.3d 315, 341 (2d Cir. 2006) ("a report from the State Department is usually the best available source of information on country conditions" (quotation marks omitted)).

Party member, but that there were no elections in his area. But India held a general election in May 2014, in which more than 551 million people participated. *See* 2015 U.S. State Department Human Rights Report for India at 1, *available at* https://2009-2017.state.gov/documents/organization/253175.pdf. Accordingly, Singh's testimony that there were no elections in his area was inaccurate. And, contrary to his argument here, the agency reasonably found it implausible that he would not know about the election, given his claim that he was extensively involved in his party and joined a few weeks before the election. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (while the agency may not engage in "bald" speculation, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Finally, the agency reasonably concluded that the absence of reliable corroboration further supported the adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Singh's argument that the agency

7

erroneously gave "no" weight to supporting affidavits from India misstates the record, as the IJ specified that he gave the affidavits minimal weight. Moreover, "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence," *Y.C.*, 741 F.3d at 332, and the agency is not required to credit letters from interested parties or individuals unavailable for cross-examination, *Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according [letters] little weight because the declarants (particularly [the applicant's spouse]) were interested parties and neither was available for cross-examination").

Singh further argues that the agency overlooked other supporting evidence, including a letter from the Mann Party. We do not require the agency to explicitly discuss all evidence in the record, and "we presume that the that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The party letter asserted generally that Singh supported the party by volunteering at rallies and had an unspecified problem with other political groups, such that he was unsafe and had to flee, but it did not corroborate Singh's specific allegations of past persecution. Given the lack of substance in the letter, the

agency was not required to discuss it further. *Id.* The record also included an affidavit from a village leader stating that he was aware of the two alleged beatings and saw Singh's injuries from the first beating, which the IJ did not expressly discuss. But Singh does not mention that affidavit here, and there is no reason to believe that the agency overlooked it or should have granted it more weight than the other affidavits from individuals unavailable for cross-examination. *See Y.C.*, 741 F.3d at 332, 334. Like the party letter, the remaining documentary evidence did not corroborate Singh's allegations of past abuse.

Given the inconsistencies related to the events that were the basis of Singh's claim, Singh's failure to provide responsive explanations, and the absence of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."); *Biao Yang*, 496 F.3d at 273. Because Singh's claims for asylum, withholding of removal, and CAT relief relied on the same facts, the adverse credibility determination was dispositive of all three forms of relief. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending

9

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court