Liyanage v. Holder

BIA
A088 775 709
A088 775 710

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand thirteen.

PRESENT:
> Robert A. Katzmann,
> > *Chief Judge*,
> Barrington D. Parker,
> Reena Raggi,
> > *Circuit Judges*.

_____

SAMPATH GAMMEDDEGODA LIYANAGE,
NIMMI IROSHANI DEL SI NANAYAKKARA PALLAGE,
> *Petitioners*,

> v.                                          13-592
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.


_____

FOR PETITIONERS:          Visuvanathan Rudrakumaran, New York, NY.

FOR RESPONDENT:           Stuart F. Delery, Acting Assistant

**Attorney General; Derek C. Julius, Senior Litigation Counsel; Jessica R. C. Malloy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sampath Gammeddegoda Liyanage and his wife, Nimmi Iroshani Del Si Nanayakkara Pallage ("Petitioners"), natives and citizens of Sri Lanka, seek review of the February 5, 2013 decision of the BIA denying their motion to reopen. *In re Sampath Gammeddegoda Liyanage, et al.*, Nos. A088 775 709/710 (B.I.A. Feb. 5, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Petitioners'

motion to reopen was untimely because they filed it in April 2012, almost two years after the order of removal became final. However, the time limitation does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Petitioners argue that Sri Lanka's policy of persecuting and torturing failed asylum seekers, their status as failed asylum seekers, and the Sri Lankan government's threats to Liyanage's mother in 2010 all constitute changed country conditions, and moreover show their prima facie eligibility for asylum. The BIA concluded that the Sri Lankan government's policy of mistreating individuals returning from abroad was a continuation of prior practices, not a change in country conditions, and moreover, Petitioners had not shown that the policy was directed particularly at failed asylum seekers. The BIA further concluded that the threats to Liyanage's mother did

3

not establish Petitioners' prima facie eligibility for asylum.

Substantial evidence, including a 2010 Sri Lanka report by the Refugee Documentation Centre of Ireland discussing treatment of returning Sri Lankans and citing a report from 2006 describing the same conditions and a 2007 U.S. State Department Human Rights Report describing generally mistreatment, torture, and arbitrary arrests and detention by the Sri Lankan government, supports the BIA's conclusion that any mistreatment of individuals who return to Sri Lanka from abroad is a continuation of prior practices, not a change in country conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).

Moreover, the BIA did not abuse its discretion in determining that Petitioners did not show that there was a pattern or practice of persecuting failed asylum seekers in Sri Lanka, or that filing for asylum, alone, would result in an increased risk of persecution or torture. The evidence indicated that Tamil deportees to Sri Lanka, including failed asylum seekers, were detained and questioned regarding links to the LTTE, but quickly released if no

4

links were found and that physical examinations of returnees occurred when there was suspicion that they had LTTE links, but were not otherwise routinely carried out on immigration returnees.

Petitioners object to the BIA taking administrative notice of the 2012 United Kingdom Border Agency's Sri Lanka Country of Origin Information Report ("U.K. COI Report"), arguing that their lack of opportunity to respond to the report violated due process. Generally the BIA errs when it does not allow a movant an opportunity to rebut the significance of potentially dispositive facts of which the BIA took notice. *See Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 201 (2d Cir. 2007). However, the U.K. COI Report, and the facts within it of which the BIA took administrative notice, were cumulative of facts already in the record, and in fact an earlier version of the report itself was referred to in a report submitted by Petitioners in support of their motion. *See Jian Hui Shao*, 546 F.3d at 168 (differentiating *Chhetry* on the basis that the judicially noticed facts in that case were the sole basis for denial of the motion to reopen, as opposed to cumulative, and corroborative, of facts already in the record).

5

Nor did the BIA abuse its discretion in determining that the affidavit from Liyanage's mother, stating that she had been visited by Sri Lankan police on two occasions in 2010, asked about her son, threatened, and detained once for a few hours, did not establish Petitioners' prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). The harassment and brief detention that Liyanage's mother described did not constitute persecution, and military officers' questions about where Liyanage lived, and their demand that his mother surrender him, did not show a reasonable likelihood that they sought to persecute him upon his return. *See Jian Hui Shao*, 546 F.3d at 172 (evidence of penalties or sanctions does not necessarily signal a reasonable possibility of persecution); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

Accordingly, as the BIA's determination that there was no change in country conditions is supported by substantial evidence and as the Petitioners have not identified any error in the BIA's conclusion that they failed to demonstrate prima facie eligibility for asylum or other relief, the BIA did not abuse its discretion in denying

6

Petitioners' motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Abudu*, 485 U.S. at 104-05; *Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motions for a stay of removal and to compel the government to return Liyanage to the United States are DISMISSED as moot. However, because Liyanage was removed from the United States after filing the petition for review and a motion for a stay of removal, the government is ORDERED to show cause, within thirty days of the date of this order, why Liyanage was removed to Sri Lanka despite the agreement to forbear from removing petitioners who have filed motions for stays of removal; why the government should not be sanctioned for breaching the forbearance policy; and what the government can do in the future to avoid removing petitioners who have pending motions for stays of removal.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk