

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2005

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lin v. Atty Gen USA" (2005). *2005 Decisions*. Paper 92.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/92

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  04-4663

HAI QUANG LIN,
a/k/a Hua Ouyang,

Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A78 865 467

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2005

Before: SLOVITER, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: December 19, 2005)

OPINION

SMITH, *Circuit Judge*.

Hai Quang Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") which denied Lin's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1]  At a hearing before an Immigration Judge ("IJ"), Lin testified that his father, a practitioner of Falun Gong, directed that he distribute Falun Gong literature in public on September 10, 2001.  While Lin was engaged in this task, he was arrested, detained, and hit by an officer.  He managed to escape through a window of the room in which he was detained when the lone officer left the premises to investigate a nearby brawl.  Instead of returning to the home of his parents, Lin contacted his father by telephone and followed his father's advice to go to a friend's house in the town of Ang Gin.

Lin was able to flee to Ang Gin without experiencing any further problems with the authorities.   Lin testified that his father informed him that the authorities searched his parents' home the next day and on two other occasions.  Lin affirmed that his father advised him that the authorities continued to look for him.  The authorities, however, did not trouble Lin while he lived in Ang Gin during the next ten months.  Nonetheless, Lin decided to leave China, entering the United States on July 20, 2002.  He claimed that, even though he was not a Falun Gong practitioner, he had been persecuted because of his

_____

[1]The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2(b).  The BIA exercised jurisdiction under 8 C.F.R. § 1003.1(b).  We have jurisdiction under 8 U.S.C. § 1252.

2

involvement with the Falun Gong movement and that he would be persecuted for that same reason if he were to return. In addition, Lin claimed that he would be subject to imprisonment if repatriated because of his illegal immigration.

The IJ did not find Lin credible and denied Lin's application for asylum, withholding and relief under the CAT. The BIA did not endorse the IJ's adverse credibility determination. Rather, it declared that "[e]ven if the respondent provided credible testimony in support of his application for asylum, we find that the respondent has failed to meet his burden of proof to establish either past persecution or a well-founded fear of return to China on account of his limited involvement with the practice of Falun Gong."

Because the BIA did not adopt the IJ's adverse credibility determination, our review is limited to the final order issued by the BIA and whether it is supported by substantial evidence. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 3d Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . ." *Dia v. Ashcroft*, 353 F.3d 228, 248 (3d Cir. 2003) (en banc) (quoting *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)) (internal quotation marks omitted).

We conclude that there is substantial evidence to support the BIA's determination that Lin's arrest, detention for almost twelve hours, and assault by the single officer in the detention room did not constitute persecution. He was able to physically escape and the abuse he sustained was not severe enough to hamper his flight to Ang Gin or subject him

3

to being recaptured. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) (according deference to the BIA's interpretation of the term "persecution" as including "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," and concluding that "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional").

Moreover, once Lin arrived in Ang Gin, he lived there for ten months without encountering any difficulties with the authorities. Although Lin affirmed in his affidavit that his father's house was searched on three occasions, Lin did not indicate that his parents suffered any repercussions at the hands of the authorities. As we observed in *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005), an alien's claim that he has a well-founded fear of future persecution is undermined when his family members remain in his native country without meeting harm. The prospect of persecution based on Lin's Falun Gong involvement, as the BIA pointed out, was attenuated because Lin testified that he did not practice Falun Gong. Nor is there any support for Lin's contention that he would be imprisoned if repatriated. The United States Department of State's Country Conditions Report indicates, as the BIA pointed out, that imprisonment occurs "after a second repatriation."

Because there is substantial evidence to support the determination that Lin was not persecuted and that he did not have a well-founded fear of future persecution, Lin cannot satisfy the more demanding standard which applies to a claim for withholding of removal.

4

*Balasubramanrim v. INS*, 143 F.3d 157, 161 n.8 (3d Cir. 1998) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987)).  Lin's claim for relief under the CAT need not be addressed as Lin waived that claim by failing to present any legal argument on this issue in his brief filed with this court.  *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

We will deny Lin's petition for review.