**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1730
_____

HAI QUANG LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(A078 865 467)
Immigration Judge: Annie S. Garcy


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 14, 2017
_____

Before: CHAGARES, VANASKIE, and FUENTES, <u>Circuit Judges</u>.

(Filed: January 16, 2018)
_____

OPINION[*]
_____


CHAGARES, <u>Circuit Judge</u>:

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hai Quang Lin, a Chinese native and citizen, was denied asylum in 2003. Thereafter, Lin remained in the United States, and sired three children. In 2015, Lin filed a motion to reopen his immigration proceedings and reapply for asylum, on account of the births of his children. The Board of Immigration Appeals ("BIA") denied the motion. Lin petitions for review of that ruling. Lin argues that because China enforces its family planning policy more aggressively today than it did when he first applied for asylum in 2003, he would face persecution upon return to China for exceeding its two child birth quota. Because the BIA did not abuse its discretion in denying Lin's motion to reopen, we will deny the petition for review.

## I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Lin is from Langqi Town, Fuzhou City, Fujian Province, China. Appendix ("App.") 5. He came to the United States without authorization in 2002. In 2003, Lin sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), asserting a fear of persecution due to his participation in Falun Gong and his illegal departure from China. His application was denied, and his appeal to the BIA and subsequent petition for review to this Court were unsuccessful. Lin v. Gonzales, 160 F. App'x 155, 157 (3d Cir. 2005).

In 2015, Lin filed with the BIA a motion to reopen and reapply for asylum, withholding of removal, and CAT protection.[1] The basis for this motion was Lin's fear

---

[1] Because Lin has failed to make any arguments in his petition with regard to his claims for withholding of removal and relief under the CAT, we deem such arguments forfeited

2

of persecution upon returning to China due to the births of his two children, which was a violation of China's family planning policy. Lin argued that the use of coercive measures, such as sterilizations, in the enforcement of China's family planning policy had drastically increased since the time of his initial immigration proceedings. The BIA denied Lin's motion in 2016, determining that the evidence Lin submitted showed that these measures were not more than a continuation of policies and methods that were in use in 2003. Lin filed a petition for review. Thereafter, the matter was remanded to the BIA on the Government's motion. Lin v. Att'y Gen. of U.S., Dkt. No. 16-1460 (3d Cir. Aug. 4, 2016). Lin presented evidence that he had recently had a third child. In 2017, the BIA again denied Lin's motion. App. 2-8. This petition for review followed.

## II.

The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.2(a). We have jurisdiction over Lin's petition for review pursuant to 8 U.S.C. § 1252. Shardar v. Att'y Gen. of U.S., 503 F.3d 308, 311 (3d Cir. 2007).

We review the denial of a motion to reopen for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 258 (3d Cir. 2006). We will uphold the BIA's decision unless it is was "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004), as amended (Dec. 3, 2004) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)). The BIA's factual determinations are upheld if they are "supported by

---

and we will not consider them. Khan v. Att'y Gen. of U.S., 691 F.3d 488, 496 n.5 (3d Cir. 2012).

3

reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 561 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Pursuant to 8 U.S.C § 1158(a)(2)(D), an alien is permitted to file a motion to reopen an asylum application after the 90-day reopening period has expired only when "the alien can show changed country conditions on the required accompanying motion to reopen." Liu v. Att'y Gen. of U.S., 555 F.3d 145, 150 (3d Cir. 2009); Shardar, 503 F.3d at 313.

### III.

Lin argues that the BIA abused its discretion in denying his motion to reopen by: (1) failing to give sufficient weight to his expert witness, Professor Myron Cohen, (2) discounting Lin's evidence of individuals who had multiple foreign-born children and were sterilized upon their return to Fujian Province, and (3) not meaningfully considering Lin's other evidence. Lin also contends that the BIA erred by taking administrative notice of the State Department's 2015 Country Report on Human Rights Conditions in China ("2015 Country Report") without providing him the ability to respond. We will address each of these arguments in turn.

### A.

Lin argues that the BIA irrationally discounted Professor Cohen's expertise, and that it did not properly consider it on remand because the BIA's analysis was very similar to that contained in its initial opinion.

The BIA determined that Professor Cohen's opinion was unpersuasive because he did not rely on any evidence other than a 2014 report by the Congressional-Executive Commission on China and unspecified recent online reports. The BIA also noted that

4

Professor Cohen did not identify any instances of sterilizations based on the births of children in the United States.

We do not agree with Lin that the BIA arbitrarily discounted Professor Cohen's opinion. The BIA adequately explained why it was not persuasive or directly applicable to Lin. The BIA reasonably relied on Professor Cohen's statement that "China's one-child law remains in effect and its enforcement continues to vary across space and time," to find that the report itself did not support a finding that there had been a deterioration in country conditions relating to the family planning policy in China since 2003. App. 7. Thus, the BIA's decision was neither "arbitrary" nor "irrational." Guo, 386 F.3d at 562 (quoting Tipu, 20 F.3d at 582). "[W]e review the BIA's evidentiary ruling[s] deferentially," and conclude that the BIA did not abuse its discretion in affording little weight to Professor Cohen's report because it found the report insufficient to demonstrate either a change in country conditions since 2003 or that Lin was a prime target for sterilization. Zhu v. Att'y Gen. of U.S., 744 F.3d 268, 276 (3d Cir. 2014).

B.

Lin next argues that the BIA abused its discretion by giving limited weight to unsworn statements of three individuals with foreign-born children who claimed they were sterilized after returning to Lin's native Fujian Province in China. Lin asserts that discounting these unsworn statements was arbitrary and irrational. The BIA did not find these accounts persuasive. App. 5. In addition to finding the supporting documentation inadequate, the BIA afforded them limited weight because they were of "essentially unknown reliability" and are "unsworn statements and unauthenticated foreign

5

documents regarding persons in other proceedings who are not subject to cross-examination, and some of which appear to have been created for the purpose of litigation." App. 6.

First, Lin takes issue with the BIA for discounting the personal statements because they were unsworn and not subject to cross examination. He points out that none of the evidence he provided was sworn to or available to cross-examination other than his own statement, and questions why the BIA treated the personal statements differently. However, these other documents, except for Lin's own testimony, were not personal statements. Thus, these documents, including news articles, reports, government documents, and a sworn expert opinion, do not present the same reliability concerns as personal statements that were essentially hearsay. As such, the BIA did not abuse its discretion in concluding that unsworn personal statements were entitled to less weight than other evidence. See Zhu, 744 F.3d at 275 (BIA may give evidence "whatever weight it deems appropriate . . . in light of all the other evidence presented").

Second, Lin advances numerous arguments contesting the details of the BIA's determination that the supporting documents to the declarations of these three individuals, such as birth certificates, were conflicting and not persuasive. Because, for the aforementioned reasons, the limited weight the BIA gave to these individuals was not "arbitrary, irrational, or contrary to law," any errors the BIA made in considering these birth certificates and other documents was not an abuse of discretion. Guo, 386 F.3d at 562 (quoting Tipu, 20 F.3d at 582). Further, it was not arbitrary, irrational, or contrary to law for the BIA to determine that this evidence had limited value, because none of these

6

documents stated that the individuals underwent forced sterilization because they had violated the family planning policy.

## C.

Lin additionally argues that the BIA arbitrarily ignored evidence because it did not directly cite country reports that predated 2007. Specifically, he contends that the BIA could not have reasonably concluded that there was not a change in country conditions from the time of his initial asylum application in 2003 without citing reports from that time. We again disagree. The BIA noted that it considered numerous reports and other documents from 2003 and earlier that were submitted by Lin. See App. 4. The BIA was not obligated to "discuss every piece of evidence mentioned by an asylum applicant." Huang v. Att'y Gen. of U.S., 620 F.3d 372, 388 (3d Cir. 2010). In the context of a motion to reopen in which Lin urged a reconsideration of his asylum application in light of the present conditions in China, it was not an abuse of discretion for the BIA mostly to focus its discussion on those more recent conditions.

## D.

Finally, Lin claims that the BIA erred in taking administrative notice of the 2015 Country Report without providing him the ability to respond. Lin argues that this violated his due process rights. We disagree. The BIA may take administrative notice of "the contents of official documents such as country condition reports prepared by the Department of State." Sheriff v. Att'y Gen. of U.S., 587 F.3d 584, 591-92 (3d Cir. 2009) (quoting Board of Immigration Appeals: Procedural Reforms to Improve Case Management, 67 Fed. Reg. 54878, 54891 (Aug. 26, 2002)). Further, Lin put State

7

Department reports from prior years at issue, so the BIA should not be blamed for considering a more current version of the same kind of evidence that Lin presented. And, Chhetry v. Dep't of Justice, 490 F.3d 196 (2d Cir. 2007), on which Lin relies, does not support his position. That case concerned the Court of Appeals for the Second Circuit's requirement that an opportunity to respond be afforded where the BIA's reliance on the administratively noticed facts is dispositive. Id. at 200. Here, the BIA's decision was not based solely or primarily upon the 2015 Country Report.

\*      \*      \*      \*      \*

We conclude that the BIA did not abuse its discretion by holding that Lin failed to demonstrate changed country conditions such that his case warranted reopening.

IV.

For the foregoing reasons, we will deny the petition for review.